

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

June 15, 1965

Hon. J. M. Falkner
Banking Commissioner
   of Texas
Department of Banking
Austin, Texas

Opinion No. C-456

Re: Whether the Banking
Commissioner may approve
an amendment to the
bylaws of a State credit
union authorizing the
following purpose: "The
purpose of this Credit
Union is to promote
thrift among its members,
by affording them an
opportunity for accumu-
lating their savings; and
by means of loans to mem-
bers, and serving as a
depository for other
credit unions with a pur-
pose of orderly inter-
change of funds between
credit unions, to create
a source of credit for
provident or productive
purposes or urgent needs.

Dear Mr. Falkner:

You have requested the opinion of this office as to the auth-
ority of the Banking Commissioner, under Article 2475, Vernon's Civil
Statutes, to approve as a depository for other credit unions with-
in this State, a credit union, incorporated under the provisions of
Article 2463, Vernon's Civil Statutes, which has as a purpose the
orderly interchange of funds between credit unions.

This specific question has never been the subject of a reported
decision by the courts of this State, nor of any prior opinions of
the Attorney General's Office. Therefore, the answer to your inquiry
must be resolved solely upon the basis of the proper interpretation
of the applicable statutes, notably Articles 2461 through 2484c,
Vernon's Civil Statutes.

Article 2475, pertaining to "Depositories," reads as follows:

"The capital, deposits, and surplus  funds of
the Association shall be either lent to the mem-
bers for such purposes and upon such security
as the directors of the Credit Union shall approve,
or deposited to the credit of the Association in
State or National Banks, and in savings banks,
or trust companies, or in any agency now or to
be provided, either by State or Federal Law, whose
purpose is the orderly interchange of funds between
Credit Unions, incorporated under the laws of this
State or under the laws of the United States of
America, located in this State; such depositories
to be approved by the Banking Commissioner, or such
funds may be lent as provided in Section 1 of this
Act." (Emphasis added)

Article 2461, entitled "Credit Unions Defined," reads in
part as follows:

"The credit union is hereby defined as a co-
operative association organized for the purpose
of promoting thrift among its members and creating
a source of credit for provident and productive
purposes. . . ."

The first point to be considered is whether a "credit union,"
as defined by Article 2461, can be "an agency . . . whose purpose
is the orderly exchange of funds between credit unions," and hence
eligible as a depository under Article 2475.

To say that a credit union can be classified as such an agency
would be to ignore both the clear wording of Article 2461 and the
whole basic theory and purpose of credit unions generally. The
opinion of the Court in Tabco Federal Credit Union v. Goldstein,
No. 2836, June 22, 1964, (Circuit Court, Baltimore County, Md.,
not appealed, hence not published), enunciates this basic theory
quite succinctly when it says, in regard to federal credit unions,
that:

"The first federal function performed by these
institutions . . . is that of providing cooperative
credit facilities on a national scale for small
borrowers and the protection of those borrowers
by providing credit on liberal terms and rates of
interest." (Emphasis added)

It is obvious throughout both the federal and Texas credit union statutes, which track each other very closely, and throughout the history of credit unions generally that this is a correct statement of the basic purpose of credit unions.

It is certainly true that credit unions can have additional functions, but only so long as they are subordinate and supplementary to this basic purpose. To say that a credit union under Art. 2461 would be such an agency as is referred to in Art. 2475 would be to say that a credit union in Texas could have as its only purpose to serve as a depository and "clearing house" for other credit unions, i.e., it would be possible to have, within the discretion of the Banking Commissioner, a "super" credit union whose only members would be other credit unions and whose only direct purpose would be to serve other credit unions. This would be a concept completely foreign to the manifest intent of the State's credit union laws and one in which--most importantly--the basic purpose and function of a credit union would be subverted or eliminated altogether.

Even if it were held that a credit union in Texas could be an agency "whose purpose is the orderly exchange of funds between credit unions" and hence an eligible depository for funds of credit unions under Art. 2475, the question would still remain of whether or not a credit union can have as a member another credit union, since Section 1 of Article 2472 provides that: "A credit union may receive the savings of its members in payment for shares or as deposits." (Emphasis added) Nowhere in the statutes is a credit union authorized to receive deposits from other than members. Throughout the credit union statutes,and certainly including Article 2463, there is the clear implication that only real, living individuals are thought of as potential members. This conclusion is also supported by the basic purpose of credit unions, as enunciated above, so that the overall conclusion seems inescapable that one credit union cannot be a member of another credit union.

A further argument against the idea that a credit union can, under the Texas statutes, be an agency "whose purpose is the orderly interchange of funds between credit unions" is found in the fact that as recently as 1963 the Legislature amended Section 8 of Article 2462 to set up the present provision that a credit union may loan up to 25% of its capital and surplus to other credit unions. This provision, together with the provision in Section 1 of Article 2462, that allows a credit union to borrow amounts up to 50% of its capital and surplus indicates that the Legislature attempted to provide directly and in clear language for financial dealings between credit unions. Further, the fact that the Legislature found it necessary to include a special

provision to allow one credit union to make a loan to another clearly indicates that the Legislature did not, and does not, intend that one credit union be a member of another.

In view of all the above factors, we can only conclude that your question must be answered in the negative. This conclusion is further strengthened by the fact that any other conclusion is possible only upon the basis of rather tortured interpretations of the language of the statutes and since the credit union statutes were amended as recently as 1963, it is only reasonable to assume that had the Legislature wished to provide that one credit union can be a depository for another they could, and would, at that time have said so in unequivocal language.

## SUMMARY

Under the provisions of Article 2475 and other statutes applying to credit unions, the Banking Commissioner may not approve a credit union as a depository for other credit unions within this State.

Very truly yours,

Waggoner Carr
Attorney General of Texas

James M. Strock
Assistant Attorney General

JMS:nr

APPROVED BY:

OPINION COMMITTEE

George W. Gray III, Acting Chairman

Paul W. Phy
Charles Swanner
John Reeves
Wade Anderson

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright